UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TENESHA LEWIS,

   Plaintiff,

-VS-                                      CASE NO.:

NATIONAL ENTERPRISE SYSTEMS, INC.,

   Defendant.
_____/

## COMPLAINT

1.   Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA").

## INTRODUCTION

2.   The TCPA was enacted to prevent companies like NATIONAL ENTERPRISE SYSTEMS, INC., from invading American citizen's privacy and prevent abusive "robo-calls."

3.   "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4.   "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

I

5.   According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.   Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7.   The alleged violations described in the Complaint occurred in Duval County, Florida.

## FACTUAL ALLEGATIONS

8.   Plaintiff is a natural person, and citizen of the State of Florida, residing in Jacksonville, Duval County, Florida.

9.   Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

10.  Plaintiff is an "alleged debtor."

11.  Plaintiff is the "called party." See _Breslow v. Wells Fargo Bank, N.A._, 755 F. 3d 1265 (11th Cir. 2014) and _Osorio v. State Farm Bank, F.S.B._, 746 F. 3d 1242 (11th Cir. 2014).

12.  Defendant is a company with its principal place of business at 29125 Solon Road, Solon, OH 44139, doing business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

13.  Defendant is a "debt collector" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(6).

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and U.S.C. § 1692(a)(5).

15. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

16. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17. Upon information and belief, each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1), without human intervention.

18. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

19. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (904) 615-4603, and was the called party and recipient of Defendant's above described calls.

20. In or about November of 2014, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to recover a debt. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (386) 742-0983, (386) 742-0984 and (800) 973-0600.

21. Immediately upon receipt of calls from Defendant, in or about November of 2014, Plaintiff answered a call placed by Defendant to her aforementioned cellular telephone number, held the line to be connected to a live representative, spoke with an agent/representative of

Defendant, and informed them that she was working, that the calls were harassing, and demanded that Defendant stop calling her.

22. In or about November of 2014, during the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

23. Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

24. Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

25. Again in December of 2014, due to the ceaseless barrage of phone calls from the Defendant, Plaintiff answered a call to her aforementioned cellular telephone number held the line to be connected to a live representative, and spoke with an agent/representative of the Defendant in an attempt to be removed from the call list, demanding the Defendant cease to call her aforementioned cellular telephone number.

26. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

27. From about November of 2014 through the filing of this Complaint, Defendant has placed approximately three-hundred (300) automated calls to Plaintiff's aforementioned cellular telephone, (or as will be established after a thorough review of Defendant's records), calling on a daily basis, despite the Plaintiff revoking any consent Defendant may have believed

they had to place calls to her aforementioned cellular telephone number. [Please see attached **Exhibit "A"** representing a non-exclusive sampling of calls from February 9, 2015 through February 12, 2015].

28. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

29. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed it had.

30. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

31. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

32. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court over 67 times in the last three (3) years.

33. In the last three (3) years, the Defendant has had 128 complaints reported to the Better Business Bureau (BBB). See http://www.bbb.org/cleveland/business-reviews/collection-agencies/national-enterprise-systems-in-solon-oh-33000644/.

34. Defendant violated the TCPA with respect to the Plaintiff.

35. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff..

## COUNT I
### (Violation of the TCPA)

36. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

38. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

39. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

40. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

41. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

42. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

43. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

44. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

45. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

46. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

47. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d(6) by calling the Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

49. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect any debt.

50.  Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692g by failing to send the Plaintiff the required written validation notice within five (5) days of the initial communication.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Amanda Allen*
Amanda Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
AAllen@ForThePeople.com
Florida Bar #: 0098228
Attorney for Plaintiff